IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



FILED
JUN - 6 2007
USDC WP SDNY

| | |
|---|---|
| GARWARE-WALL ROPES, LTD. | : |
| Plaintiff, | : |
| v. | : No. ____ |
| LAURUS MASTER FUND, LTD. | : |
| Defendant. | : |

07 CIV. 4851  JUDGE LEISURE

### COMPLAINT

The Plaintiff, Garware-Wall Ropes, Ltd. ("Plaintiff") in the above-captioned matter, by and through its attorneys, Eckert Seamans Cherin Mellott LLC, hereby brings this Complaint against Laurus Master Fund, Ltd. ("Defendant"), and avers in support thereof as follows:

### THE PARTIES

1. Plaintiff is a corporation existing under the laws of the Republic of India and North Carolina and maintains a principal place of business in the United States at 6102 North 9th Street, Suite 500, Tacoma, WA 98406. At all relevant times, the Plaintiff was engaged in the rope, netting and cordage industry.

2. Defendant is a Cayman Islands corporation, with its principal place of business located at 825 Third Avenue, 14th Floor, New York, NY 10022.

### JURISDICTION AND VENUE

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1332(a)(1) as the matter in controversy exceeds the sum of $75,000.00 exclusive of costs and interest and is between citizens of different states.

4. Venue is proper in this District pursuant to 28 U.S.C. §1391 in that a substantial part of the events giving rise to the claims occurred in this District and Defendant maintains a principal place of business in this District.

## BACKGROUND

5. On October 15, 2004, Plaintiff entered into a Security Agreement ("Security Agreement") with Ball Products, Inc. ("BPI"), a Florida Corporation, located at 510 West Arizona Avenue, Deland, Florida, 32720. A true and correct copy of the Security Agreement is attached hereto and made a part hereof as Exhibit "A".

6. The Security Agreement secured the payment of a Promissory Note, executed on October 15, 2004, in the amount of Two Hundred Thousand ($200,000.00) Dollars, with interest ("Promissory Note"). A true and correct copy of the Promissory Note is attached and made a part hereof as Exhibit "B". Said Promissory Note remains unpaid.

7. The Security Agreement and Promissory Note were secured and perfected by a timely filed UCC-1 Financing Statement, No. 200408118189, ("Plaintiff's UCC"), dated October 20, 2004 and filed with the Florida Department of State. A true and correct copy of the Plaintiff's UCC is attached hereto and made a part as Exhibit "C".

8. At all relevant times, BPI was in material breach of the Promissory Note and Security Agreement.

## COUNT I: VIOLATION OF UNIFORM COMMERCIAL CODE

9. The allegations set forth above are incorporated herein by reference hereto as though the same were set forth at length herein.

10. Pursuant to the Security Agreement and Plaintiff's UCC, Plaintiff acquired a senior perfected security interest in, among other things, BPI's inventory and proceeds thereof (the "Collateral").

11.	Despite Plaintiff's first priority perfected security interest in the Collateral, the Defendant has usurped, taken, converted or collected Plaintiff's Collateral in an amount exceeding $75,000.00 and has refused to deliver same to Plaintiff.

12.	As such, certain proceeds of the Plaintiff's Collateral have been usurped, taken, converted or collected by the Defendant in violation of the Uniform Commercial Code ("UCC"), and in contravention of Plaintiff's security interest in the Collateral.

13.	Accordingly, the Defendant violated the rights of the Plaintiff's senior perfected interest in its Collateral under the UCC.

14.	Plaintiff has been damaged by the Defendant's usurpation of its Collateral and for Defendant's failure to account for same.

15.	Plaintiff has performed all conditions precedent to the relief requested herein.

WHEREFORE, the Plaintiff respectfully requests that this Court compel the Defendant to provide the Plaintiff with an accounting of the Collateral taken or received by Defendant, and deliver to the Plaintiff the Collateral, or proceeds thereof, wrongfully usurped, collected, taken or converted by Defendant, together with interest, court costs, and such other relief as this Court deems just and proper.

## COUNT II: ACCOUNTING

16.	The allegations set forth above are incorporated herein by reference hereto as though the same were set forth at length herein.

17.	The Plaintiff, at various times, requested that the Defendant provide an accounting for all Collateral in Defendant's possession and that the Defendant immediately deliver said Collateral, or proceeds thereof, to the Plaintiff.

18. Demand has been made upon Defendant as set forth above, but despite said demand, Defendant has failed and refused to deliver the Collateral, or proceeds thereof, to Plaintiff.

19. As Defendant has sole knowledge concerning the extent of the Collateral collected, Defendant should be required to account for the Collateral.

20. Under the UCC, it is the obligation of the junior creditor to account for and pay over to the senior creditor the sums collected by the junior creditor which represents the Collateral of the senior creditor.

21. Plaintiff has been damaged by the Defendant's usurpation of its Collateral and for failure to account for same.

22. Therefore, it is the Defendant's obligation to account for the Collateral received by Defendant and deliver the Collateral, or proceeds thereof, to Plaintiff.

WHEREFORE, the Plaintiff respectfully requests that this Court compel the Defendant to provide the Plaintiff with an accounting of the Collateral taken or received by Defendant, and deliver to the Plaintiff the Collateral, or proceeds thereof, wrongfully usurped, collected, taken or converted by Defendant, together with interest, court costs, and such other relief as this Court deems just and proper.

### COUNT III: UNJUST ENRICHMENT

23. The allegations set forth above are incorporated herein by reference hereto as though the same were set forth at length herein.

24. By virtue of Defendant's appropriation and receipt of the Collateral, Defendant has been unjustly enriched, and the Plaintiff has suffered commensurate harm, together with interest, court costs and expenses.

WHEREFORE, the Plaintiff respectfully requests that this Court compel the Defendant to provide the Plaintiff with an accounting of the Collateral taken or received by

Defendant, and deliver to the Plaintiff the Collateral, or proceeds thereof, wrongfully usurped, collected, taken or converted by Defendant, together with interest, court costs, and such other relief as this Court deems just and proper.

### COUNT IV: CONVERSION

25. The allegations set forth above are incorporated herein by reference hereto as though the same were set forth at length herein.

26. By collecting, usurping or taking dominion over the Collateral and by failing to turnover to the Plaintiff the Collateral, or proceeds thereof, the Defendant has wrongfully, tortiously and unlawfully converted the Collateral, or proceeds thereof.

27. The Defendant is unreasonably withholding remittance of the proceeds of the Collateral.

28. Further, the Defendant's willful and intentional failure to deliver the Collateral, or proceeds thereof, to the Plaintiff constitutes outrageous conduct.

29. As a proximate result of the conversion by the Defendant, the Plaintiff has suffered commensurate harm, as described herein, together with interest, court costs and expenses.

WHEREFORE, the Plaintiff respectfully requests that this Court compel the Defendant to provide the Plaintiff with an accounting of the Collateral taken or received by Defendant, and deliver to the Plaintiff the Collateral, or proceeds thereof, wrongfully usurped, collected, taken or converted by Defendant, together with interest, court costs, and punitive damages associated with the conversion, and such other relief as this Court deems just and proper.

Respectfully Submitted,

Eckert Seamans Cherin Mellott, LLC

*Geraldine Cheverko*

Steven R. Kramer, Esquire [SRK 2097]
Geraldine A. Cheverko, Esq. [GAC 1747]
81 Main Street, Suite 307
White Plains, NY 10601
Telephone: (914) 949-2909
Facsimile: (914) 898-0083

- and -

Gary M. Schildhorn, Esquire
(Pending Pro hac vice Admission)
Mark Pfeiffer, Esquire
(Pending Pro hac vice Admission)
Marie C. Dooley, Esquire
(Pending Pro hac vice Admission)
Two Liberty Place
50 South 16th Street- 22nd Floor
Philadelphia, PA 19103
Telephone: (215) 851-8400
Facsimile: (215) 851-8383

Attorneys for Plaintiff

Dated: June 7, 2007