EXHIBIT "A"

11/03/2004  12:34   3867380424             BAUER&ASSOCIATES              PAGE  15

10/21/2004 12:56 PM
Instrument# 2004-264993
Book: 5422
Page: 1874

THIS INSTRUMENT PREPARED BY
AND MUST BE RETURNED TO
Kirk T. Bauer, Esquire
BAUER & ASSOCIATES
Attorneys at Law, P.A.
223 S. Woodland Boulevard
DeLand, Florida 32721

## SECURITY AGREEMENT
### (Chattel Mortgage)

THIS AGREEMENT made this __15__ of __October__, 2004 under the laws of the State of Florida between **BALL PRODUCTS, INC.**, a Florida Corporation, whose business address is 510 West Arizona Avenue, Deland, Florida 32720, herein called the Debtor, and **GARWARE-WALL ROPES Ltd.**, whose business address is Narrows Reach Business Center, Unit #500, 6102 North 9th Street, Tacoma WA, 98406, U.S.A., herein called the Secured Party.

### WITNESSETH:

To secure the payment of an indebtedness in the amount of Two Hundred Thousand ($200,000.00) Dollars, with interest, payable as follows:

### SEE PROMISSORY NOTE ATTACHED HERETO AND MADE A PART HEREOF.

as evidenced by the Note of even date herewith, and also to secure any other indebtedness or liability of the Debtor to the Secured Party direct or indirect, absolute or contingent, due or to become due, now existing or hereafter arising, including all future advances or loans which may be made at the option of the Secured Party, (all hereinafter called the "obligations") Debtor hereby grants and conveys to the Secured Party a security interest in, and mortgages to the Secured Party,

(a) the property described in Schedule "A" attached hereto and made a part hereof (hereinafter called the collateral), which collateral the Debtor represents will be used primarily

( ) for personal, family or household purposes
( ) in farming operations or

1

11/03/2004  12:34   3867380424                    BAUER&ASSOCIATES                    PAGE  16

BOOK: 5422
Page: 1875

      ( X ) in business or other use

   (b) all property, goods and chattels of the same classes as those scheduled, acquired by the Debtor subsequent to the execution of this agreement and prior to its termination.

   (c) all proceeds thereof, if any.

   (d) all increases, substitutions, replacements, additions and accessions thereto.

Debtor represents and warrants that this security agreement is inferior to other security agreements previously given by Debtor. Any and all warranties, covenants and agreements contained herein are subject to the terms and conditions of the security agreements and other loan documents provided to such entities.

*DEBTOR, WARRANTS, COVENANTS AND AGREES AS FOLLOWS:*

   To pay and perform all of the obligations secured by this agreement according to their terms.

   To defend the title to the collateral against all persons and against all claims and demands, whatsoever, which collateral, except for the security interest granted hereby, is lawfully owned by the Debtor and is now free and clear of any and all liens, security interests, claims, charges, encumbrances, taxes and assessments except as may be set forth in the schedule.

   On demand of the secured party to do the following: furnish further assurance of title, execute any written agreement or do any other acts necessary to effectuate the purposes and provisions of this agreement, execute any instrument or statement required by law or otherwise in order to perfect, continue or terminate the security interest of the Secured Party in the collateral and pay all costs of filing in connection therewith.

   To retain possession of the collateral during the existence of this agreement and not to sell, exchange, assign, loan, deliver, lese, mortgage or otherwise dispose of same without the written consent of the Secured Party.

11/03/2004  12:34    3867380424                BAUER&ASSOCIATES                    PAGE  17

BOOK: 5422
Page: 1876

To keep the collateral at the locations agreed to by the Secured Party.

To keep the collateral free and clear of all liens, charges, encumbrances, taxes and assessments.

To pay, when due, all taxes, assessments and license fees relating to the collateral.

To keep the collateral, at Debtor's own costs and expense, in good repair and condition and available for inspection by the Secured Party at all reasonable times.

To keep the collateral fully insured against loss by fire, theft and other casualties, Debtor shall give immediate written notice to the Secured Party and to insurors of loss or damage to the collateral and shall promptly file proofs of loss with insurors.

### THE PARTIES FURTHER AGREE:

Waiver of or acquiescence in any default by the Debtor, or failure of the Secured Party to insist upon strict performance by the Debtor of any warranties or agreements in this security agreement, shall not constitute a waiver of any subsequent or other default or failure.

Notices to either party shall be in writing and shall be delivered personally or by United States mail addressed to the party at the address herein set forth or otherwise designated in writing.

The Uniform Commercial Code shall govern the rights, duties, and remedies of the parties and any provisions herein declared invalid under any law shall not invalidate any other provision or this agreement.

The following shall constitute a default by Debtor:

Failure to pay the principal or any installment of principal or of interest on the indebtedness or any notes when due.

Debtor's breach of this Agreement, the aforementioned Promissory Note or the Mortgage executed contemporaneously herewith.

3

11/03/2004  12:34  3867380424                BAUER&ASSOCIATES

BOOK: 5422      PAGE 18
Page: 1877

Failure by Debtor to comply with or perform any provision of this Agreement, the aforementioned Promissory Note or the Mortgage executed contemporaneously herewith. False or misleading representations or warranties made or given by Debtor in connection with this Agreement, the aforementioned Promissory Note or the Mortgage executed contemporaneously herewith. Subjection of the collateral to levy of execution or other judicial process. Commencement of any insolvency proceeding by or against the Debtor. Any reduction in the value of the collateral or any act of the Debtor which imperils the prospect of full performance or satisfaction of the Debtor's obligations herein.

Upon any default of the Debtor and at the option of the Secured Party, the obligations secured by this Agreement shall immediately become due and payable in full without notice or demand and the Secured Party shall have all the rights, remedies and privileges with respect to repossession, retention and sale of the collateral and disposition of the proceeds as are accorded by the applicable sections of the Uniform Commercial Code respecting "Default".

Upon any default and upon demand, Debtor shall assemble the collateral and make it available to the Secured Party at the place and at the time designated in the demand.

Upon any default, the Secured Party's reasonable attorneys' fees and the legal and other expense for pursuing, searching for, receiving, taking, keeping, storing, advertising, and selling the collateral shall be chargeable to the Debtor.

The Debtor shall remain liable for any deficiency resulting from a sale of the collateral and shall pay any such deficiency forthwith on demand.

If the Debtor shall default in the performance of any of the provisions of this Agreement on the Debtor's part to be performed, Secured Party may perform same for the Debtor's account and any monies expended in so doing shall be chargeable with interest to the Debtor and added to the indebtedness secured hereby.

4

11/03/2004  12:34    3867380424                BAUER&ASSOCIATES                    PAGE  19
                                                                           BOOK: 5422
                                                                           Page: 1878

The Secured Party is hereby authorized to file a Financing Statement.

The terms, warranties and agreements herein contained shall bind and inure to the benefit of the respective parties hereto, and their respective legal representatives, successors and assigns.

The gender and number used in this agreement are used as a reference term only and shall apply with the same effect whether the parties are of the masculine or feminine gender, corporate or other form, and the singular shall likewise include the plural.

This agreement may not be changed orally.

This Security Agreement and the aforementioned Promissory Note of even date hereof securing the same, have been given by the Debtor to the Secured Party for the purpose of securing any and all amounts due to the Secured Party for products and inventory purchased by the Debtor from the Secured Party (including additional purchases of product and inventory). As of the date of this Agreement, the Debtor owes the sum of $128,336.00, representing principal, interest, late fees and costs, to the Secured Party. The Secured Party shall satisfy this Security Agreement, and any financing statement, within fifteen (15) days of written request from the Debtor and upon payment in full of all sums due to the Secured Party by the Debtor as secured hereby.

IN WITNESS WHEREOF, the parties have respectively signed and sealed these presents the day and year first above written.

```
11/03/2004  12:34   3867380424            BAUER&ASSOCIATES             PAGE  20
```
                                                                Page: 1879

SIGNED AND SEALED IN THE
PRESENCE OF:

                                        Debtor:
                                        BALL PRODUCTS, INC.,
                                        A Florida Corporation

*Marcelle Horwath*                      By: *[signature]*
                                        Larry D. Ball, President
Printed Name: MARCELLE HORWATH
Witness

*[signature]*

Printed Name: KIRK T BAUER
Witness


STATE OF FLORIDA
COUNTY OF VOLUSIA

The foregoing instrument was acknowledged before me this
15 day of OCTOBER, 2004 by Larry D. Ball, who is
personally known to me or who have produced their Florida
Driver License as identification.

                                        *Marcelle Horwath*
                                        Printed Name: MARCELLE HORWATH
                                        Notary Public, State of Florida
                                        My Commission Expires:  / /



Marcelle Horwath
My Commission DD231296
Expires September 09, 2007

6

BOOK: 5422
Page: 1880

## SCHEDULE "A"

A. Collateral : (i) All property and fixtures now or hereafter affixed to or located on the real property described in paragraph B below, which, to the fullest extent permitted by law, shall be deemed fixtures and a part of the real property; (ii) all articles of personal property and all materials delivered to the property for use in any business or construction being conducted thereon, and owned by debtor; (iii) all proceeds, products, replacements, additions, substitutions, renewals, and accessions of any of the foregoing; all whether now owned or hereafter acquired; and (iv) all inventory, new or used, in existence or hereafter acquired.

B. Legal Description: Lots 1 through 14, inclusive, Block C, DECKMAN'S SUBDIVISION of Block 112, DeLand, according to the Map in Map Book 4, Page 111, Public Records of Volusia County, Florida.