**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | | |
|---|---|---|
| GARWARE WALL ROPES, LTD., | : | INDEX NO. 07 CV 4851 |
| | : | |
| Plaintiff, | : | |
| | : | **ANSWER AND AFFIRMATIVE** |
| v. | : | **DEFENSES OF DEFENDANT** |
| | : | **LAURUS MASTER FUND, LTD.** |
| LAURUS MASTER FUND, LTD., | : | |
| | : | |
| Defendant. | : | |
| | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Defendant, Laurus Master Fund, LTD. ("Laurus"), by and through its attorneys, Cole, Schotz, Meisel, Forman & Leonard, P.A., as and for its Answer and Affirmative Defenses to the Complaint filed by Plaintiff, Garware Wall Ropes, LTD. ("Plaintiff"), hereby states as follows:

**THE PARTIES**

1.     Laurus denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint.

2.     Laurus admits the allegations contained in Paragraph 2 of the Complaint to the extent that it is a Cayman Islands corporation.  Laurus denies it maintains a principal place of business at 825 Third Avenue, 14th Floor, New York, NY 10022.  Laurus' principal place of business in the United States is 335 Madison Avenue, 10th Floor, New York, New York 10017.

**JURISDICTION AND VENUE**

3.     Laurus denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of the Complaint and, therefore, leaves Plaintiff to its proof thereon.  In addition, this allegation purports to state a legal conclusion, to which no response is required.

4.      Laurus denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of the Complaint and, therefore, leaves Plaintiff to its proof thereon.  In addition, this allegation purports to state a legal conclusion, to which no response is required.

## BACKGROUND

5.      Laurus denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of the Complaint, and refers to the Security Agreement for the language and terms thereof.

6.      Laurus denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of the Complaint, and refers to the Promissory Note for the language and terms thereof.

7.      Laurus denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the Complaint, and refers to the UCC-1 Financing Statement No. 200408118189 for the language and terms thereof.

8.      Laurus denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Complaint and, therefore, leaves Plaintiff to its proof thereon.

## AS TO COUNT I: VIOLATION OF UNIFORM COMMERCIAL CODE

9.      Laurus repeats and reasserts its responses to Paragraphs 1 through 8 of the Complaint as if set forth at length herein.

10.      Laurus denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the Complaint and, therefore, leaves Plaintiff to its proof thereon.  In addition, this allegation purports to state a legal conclusion, to which no response is required.

2

11.     Laurus denies the allegations contained in Paragraph 11 of the Complaint.

12.     Laurus denies the allegations contained in Paragraph 12 of the Complaint.

13.     Laurus denies the allegations contained in Paragraph 13 of the Complaint.

14.     Laurus denies the allegations contained in Paragraph 14 of the Complaint.

15.     Laurus denies the allegations contained in Paragraph 15 of the Complaint.

### AS TO COUNT II: ACCOUNTING

16.     Laurus repeats and reasserts its responses to Paragraphs 1 through 15 of the Complaint as if set forth at length herein.

17.     Laurus denies the allegations contained in Paragraph 17 of the Complaint.  Laurus does, however, admit that Plaintiff made certain demands of Laurus, which were baseless and totally without merit.

18.     Laurus denies the allegations contained in Paragraph 18 of the Complaint, and specifically denies any obligation to deliver any collateral or proceeds to Plaintiff.

19.     Laurus denies the allegations contained in Paragraph 19 of the Complaint.

20.     Laurus denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of the Complaint and, therefore, leaves Plaintiff to its proof thereon.  In addition, this allegation purports to state a legal conclusion, to which no response is required.

21.     Laurus denies the allegations contained in Paragraph 21 of the Complaint.

22.     Laurus denies the allegations contained in Paragraph 22 of the Complaint.

### AS TO COUNT III: UNJUST ENRICHMENT

23.     Laurus repeats and reasserts its responses to Paragraphs 1 through 22 of the Complaint as if set forth at length herein.

24.     Laurus denies the allegations contained in Paragraph 24 of the Complaint.

3

### AS TO COUNT IV: CONVERSION

25.     Laurus repeats and reasserts its responses to Paragraphs 1 through 24 of the Complaint as if set forth at length herein.

26.     Laurus denies the allegations contained in Paragraph 26 of the Complaint.

27.     Laurus denies the allegations contained in Paragraph 27 of the Complaint.

28.     Laurus denies the allegations contained in Paragraph 28 of the Complaint.

29.     Laurus denies the allegations contained in Paragraph 29 of the Complaint.

### AFFIRMATIVE DEFENSES

1.     Each and every separate claim for relief alleged in Plaintiff's Complaint fails to state sufficient facts to constitute a cause of action against Laurus and fails to state a claim upon which relief may be granted.

2.     Any funds received by Laurus from Ball Products, Inc. were payments received in the ordinary course of business and, as such, were taken free of any alleged security interest held by Plaintiff.

3.     Pursuant to Uniform Commercial Code § 9-332, any funds received by Laurus were not received as the result of any alleged collusion by Laurus, and therefore are free of any security interest of the Plaintiff.

4.     The funds sought to be recovered by Plaintiff are not identifiable proceeds, and may not be recovered from Laurus under the Uniform Commercial Code.

5.     Laurus has perfected security interests in the alleged Collateral which are prior to those asserted by Plaintiff.

6.     Laurus pleads all affirmative defenses under the Uniform Commercial Code existing and which may arise in the future.

7.     Laurus breached no legal duty to Plaintiff.

4

43520/0016-2354512v2

8.      Plaintiff's claims are barred, in whole or in part, by the applicable statute of frauds.

9.      Plaintiff's claims are barred by the applicable statute of limitations.

10.     Plaintiff's claims are barred by the doctrine of laches.

11.     Plaintiff is estopped from asserting its claims against Laurus.

12.     Plaintiff's claims are barred by the doctrine of waiver.

13.     Plaintiff's claims are barred by the lack of consideration.

14.     All injuries and damages, if any, allegedly suffered by Plaintiff are a result of Plaintiff's own acts or omissions.

15.     Pursuant to the provisions of Fed. R. Civ. P. 11, at the time of the filing of this Answer, all possible affirmative defenses may not have been alleged inasmuch as insufficient facts and relevant information may not have been available after reasonable inquiry and, therefore, Laurus reserves the right to amend this Answer to allege additional affirmative defenses if subsequent investigation so warrants.

43520/0016-2354512v2

WHEREFORE, Defendant, Laurus Master Fund, LTD., demands judgment dismissing all counts of Plaintiff's Complaint, together with attorneys' fees, costs of suit and such other and further relief that the Court deems just and equitable.

Dated: New York, New York
　　　　July 31, 2007

COLE, SCHOTZ, MEISEL,
FORMAN & LEONARD, P.A.

By: _____
　　　Ross J. Ellick (RE-9117)
　　　900 Third Avenue, 16th Floor
　　　New York, New York 10022
　　　(212) 752-8000

*Attorneys for Defendant*
*Laurus Master Fund, LTD.*

TO:

ECKERT SEAMANS CHERIN MELLOTT, LLC
Attn: Steven R. Kramer, Esq. (SRK-2097)
　　　Geraldine A. Cheverko, Esq. (GAC-1747)
Attorneys for Plaintiff
Garware Wall Ropes, LTD.
81 Main Street, Suite 307
White Plains, New York 10601
(914) 949-2909

43520/0016-2354512v2